## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **BARTOSZ GRABOWSKI,** individually and on behalf of all similarly situated individuals, | Case No. 22-cv-01303 |
| Plaintiff, | Removed from the Circuit Court of Cook County, Illinois Chancery Division |
| v. | **Case No.** 2022CH0954 |
| **APPLE INC.** | |
| Defendant. | |

### APPLE INC.'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Apple Inc. ("Apple") hereby removes this action, originally filed as case number 2022CH0954 in the Circuit Court of Cook County, Illinois County Department, Chancery Division (the "State Court Action") to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453. In support of removal, Apple states:

### I.     PRELIMINARY STATEMENT

1.     Plaintiff Bartosz Grabowski ("Plaintiff") is a citizen of Illinois and filed this action in Cook County on February 3, 2022, seeking to assert claims on behalf of himself and a nationwide putative class, including a putative Illinois subclass, under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 502/1 *et seq*, the consumer fraud, express warranty, and implied warranty laws of each of the 50 states, the Magnusson-Moss Warranty Act, 15 U.S.C. § 2301, as well as for common law fraud and unjust enrichment.

2.     A true and correct copy of the Class Action Complaint ("Complaint") served upon Apple is attached as Exhibit 1. A true and correct copy of Plaintiff's Motion for Class Certification Or, Alternatively, For a Deferred Class Certification Ruling Pending Discovery ("Motion for Class

Certification"), filed on February 8, 2022, is attached as Exhibit 2.  A true and correct copy of the Civil Cover Sheet issued for the State Court Action is attached as Exhibit 3.  A true and correct copy of the Summons served upon Apple in the State Court Action is attached as Exhibit 4. Plaintiff has not served any other process, pleadings, or orders upon Apple in the State Court Action.  *See* 28 U.S.C. § 1446(a).

3.      Plaintiff served Apple with the Summons and Complaint on February 9, 2022.  *See* Ex. 1; Ex. 4.  Apple is timely filing this Notice of Removal within 30 days of service.  *See* 28 U.S.C. § 1446(b)(1).

4.      Apple has not yet responded to the Complaint.

5.      Removal to this Court is proper because this is the U.S. district court for the district and division that embraces the Circuit Court in Cook County, Illinois.  *See* 28 U.S.C. § 93(c).

6.      As set forth in greater detail below, this Court has jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453, because minimal diversity exists and the amount in controversy exceeds $5,000,000.[1]

## II.     BACKGROUND

7.      Plaintiff is a resident of the state of Illinois.  Ex. 1 ¶ 15.  Plaintiff acknowledges that Apple is a California corporation.  *Id.* ¶ 16.

8.      Plaintiff broadly alleges that Apple has engaged in "false, misleading, and deceptive advertising of its Powerbeats Pro headphones sold under the Beats By Dre brand," ("Powerbeats Pro headphones") and that Apple "designs, markets, advertises, and sells Powerbeats

---

[1] By filing this notice, Apple does not concede any allegation, assertion, claim, or demand for relief stated in the Complaint, or that any damages exist.  Apple expressly denies that it has violated any of the state or federal laws enumerated in the Complaint, intends to defend this matter vigorously on the merits and oppose class certification, and reserves all rights, defenses, and objections to Plaintiff's allegations, assertions, claims, demands for relief, and supposed damages.

Pro headphones that do not function as advertised." *Id.* ¶ 1. Specifically, Plaintiff claims Apple's Powerbeats Pro headphones maintain neither their battery life nor consistent wireless connectivity to the extent advertised by Apple. *Id.* ¶¶ 2-13. According to the Complaint, Plaintiff and other consumers would not have purchased Apple's Powerbeats Pro headphones had they known that Apple's representations were false. *Id.* ¶ 13.

9.     Plaintiff seeks to represent a class defined as "[a]ll persons in the United States who purchased Defendant's Beats by Dre Powerbeats Pro wireless headphones within the applicable statute of limitations" ("Nationwide Class"). *Id.* ¶ 62.

10.     Plaintiff also seeks to represent a subclass comprising "[a]ll persons who purchased Defendant's Beats by Dre Powerbeats Pro wireless headphones in Illinois within the applicable limitations period" ("Illinois Subclass"). *Id.*

11.     The putative Nationwide Class and putative Illinois Subclass allegedly include "tens if not hundreds of thousands of members." *Id.* ¶ 64.

12.     Plaintiff asserts six counts against Apple: (1) violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 502/1 *et seq*. and "other states' consumer protection laws"[2] (*id.* ¶ 73); (2) breach of an express warranty under the laws of all fifty states, the District of Columbia, and Puerto Rico (*id.* ¶¶ 84-85); (3) breach of the implied warranty of merchantability under the laws of all fifty states, the District of Columbia, and Puerto Rico (*id.* ¶¶ 92-93); (4) violation of the Magnusson-Moss Warranty Act, 15 U.S.C. § 2310(d)(1) (*id.* ¶¶ 103-114; (5) consumer fraud (*id.* ¶¶ 115-123); and (6) unjust enrichment (*id.* ¶¶ 124-128).

---

[2] The Complaint does not identify the "other states' consumer protection laws" under which Plaintiff asserts these claims.

13.     Plaintiff seeks to assert all six counts on behalf of both the putative Nationwide Class and the putative Illinois Subclass.  *Id.* ¶¶ 71-128. Exhibit 2, at 3.

14.     In the Prayer for Relief, the Complaint requests: (A) an order certifying the Nationwide Class and the Illinois Subclass, appointing Plaintiff as class representative, and appointing Plaintiff's counsel as class counsel; (B) an award of "all damages, including actual, compensatory, and consequential damages and/or restitution and disgorgement"; (C) an "award of interest as provided by law, including but not limited to pre-judgment and post-judgment interest as provided by rule or statute"; (D) an award of reasonable attorney's fees and costs; and (E) "[s]uch further and other relief the Court deems reasonable and just." *Id.* at p. 31.

## III.     REMOVAL IS PROPER UNDER CAFA

15.     As Amended by CAFA, 28 U.S.C. § 1332(d) grants U.S. district courts original jurisdiction over "any civil action" in which: (a) the aggregate number of members in the proposed class is 100 or more; (b) the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (c) "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2), (d)(5)(B).

16.     **This action is a "class action" under CAFA.**  Because the plaintiff invokes procedures "authorizing an action to be brought by 1 or more representative persons as a class action," this matter qualifies as a "class action" for purposes of CAFA. Ex. 1 ¶¶ 62-70; 28 U.S.C. § 1332(d)(1)(B).

17.     **As alleged, the putative classes contain at least 100 members.**  Courts "may rely on the estimate of the class number set forth in the complaint" to determine whether a proposed class is large enough to meet CAFA's jurisdictional 100-member threshold.  *Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 581 (7th Cir. 2017).  Here, the Complaint alleges

that "there are tens if not hundreds of thousands of members of the [Nationwide Class] and [Illinois Subclass]." Ex. 1 ¶ 64. Likewise, the Motion for Class Certification asserts that the purported Nationwide Class and Illinois Subclass include "at least thousands of members." Ex. 2 at 8. Therefore, Plaintiff acknowledges that the proposed classes are large enough to warrant federal jurisdiction.

18. **The amount in controversy exceeds $5,000,000.** An action's amount in controversy under CAFA is determined by aggregating "the claims of the individual class members." 28 U.S.C. § 1332(d)(6). To justify removal under CAFA, the moving party need only show "a reasonable probability that the stakes exceed the minimum" of $5,000,000. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005); *see also Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011) (requiring a plausible, good-faith estimate). Importantly, a party seeking removal under CAFA may rely on "what the plaintiff is claiming" to estimate the potential damages at stake and need not "confess liability" or offer "proof" of damages. *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008). To that end, Apple denies that: (i) Plaintiff and the putative class members suffered any actual damages; (ii) any such damages are quantifiable; and (iii) statutory damages may be awarded. Apple further denies that class certification is warranted for either the putative Nationwide Class or the putative Illinois Subclass. However, as set forth in the Complaint, Plaintiff seeks remedies including "actual, compensatory, and consequential damages and/or restitution and disgorgement . . . including but not limited to the full amounts paid for the products and the costs to replace or return the products." Ex. 1 at p. 31. Plaintiff further alleges that Apple's "Powerbeats Pro headphones retail at the high-end price point of $249.95" (Ex. 1 ¶ 3) and that "[u]pon information and belief, there are tens if not hundreds of thousands of members of the Class and Subclass." Ex. 1 ¶ 64. And according to

Plaintiff, Apple "has made hundreds of millions of dollars from its Beats by Dre line." Ex. 1 ¶ 20. These allegations support the inference that Plaintiff has placed potential damages in controversy that exceed CAFA's $5,000,000 minimum threshold.[3]

19. **Diversity is Undisputed.** Plaintiff is a citizen of Illinois and Apple is a California corporation. Ex. 1 ¶¶ 14-15. As defined in the Complaint, the putative Nationwide Class comprises members from throughout the United States, and the putative Illinois Subclass comprises members from Illinois. *Id.* ¶ 62. Consequently, this action more than satisfies CAFA's minimum diversity requirements. *See, e.g.*, *Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 965–66 (7th Cir. 2016) (holding that diversity existed where Illinois class representatives sued a Delaware corporation with its principal place of business in Arizona).

20. Attached as Exhibit 5 is a copy of the notice required under 28 U.S.C. § 1446(d), which Apple promptly will provide to Plaintiff and file with the Clerk of the Circuit Court in Cook County, Illinois.

21. By filing this Notice of Removal, Apple does not waive any defenses that may be available to it in this action.

## IV. CONCLUSION

Apple therefore removes this action from the Circuit Court of Cook County, Illinois County Department, Chancery Division, and respectfully requests that the action proceed in this Court as a matter properly removed.

---

[3] By way of example, even 40,000 class members at an alleged overcharge of $249.95 each would equate to almost $10 million dollars in controversy.

**Dated:**   March 10, 2022

**Respectfully Submitted,**

Apple Inc.

By:   /s/ Sean E. Koller
_____
       Sean E. Koller

Peter J. Sacripanti*
John J. Calandra*
Nicole L. Castle*
Zachary E. Sproull*
McDermott Will & Emery LLP
One Vanderbilt Avenue
New York, New York 10017
(212) 547-5400
PSacripanti@mwe.com
JCalandra@mwe.com
NCastle@mwe.com
ZSproull@mwe.com

Sean E. Koller (6324181)
McDermott Will & Emery LLP
444 West Lake Street, Suite 4000
Chicago, Illinois, 60606
(312) 372-2000
sekoller@mwe.com

Elizabeth Rodd*
200 Clarendon Street, Floor 58
Boston, Massachusetts 02116
(617) 535-4000
Erodd@mwe.com

*Attorneys for Apple Inc.*

*Motion to appear *pro hac vice* forthcoming

**<u>Certificate of Service</u>**

I hereby certify that on March 10, 2022, I electronically filed the foregoing **Notice of Removal** and the exhibits attached thereto with the Clerk of the Court using the CM/ECF system. I further certify that I caused a true and correct copy of the foregoing to be served by electronic mail and FedEx delivery upon the following counsel of record:

> Brendan Duffner (bduffner@mcgpc.com)
> Myles McGuire (mmcguire@mcgpc.com)
> Paul T. Geske (pgeske@mcgpc.com)
> Eugene Y. Turin (eturin@mcgpc.com)
> McGuire Law, P.C.
> 55 W. Wacker Dr., 9th Fl.
> Chicago, IL 61601
> (312) 893-7002
>
> *Attorneys for Plaintiff*

*/s/ Sean M. Koller*
Sean M. Koller

Sean M. Koller (6324181)
McDermott Will & Emery LLP
444 West Lake Street, Suite 4000
Chicago, Illinois, 60606
(312) 372-2000
sekoller@mwe.com