# EXHIBIT 1

Hearing Date: 6/3/2022 8:36 AM
Location: Court Room 2508
Judge: Gamrath, Celia G

Case: 1:22-cv-01303 Document 12-1 Filed: 06/10/22 Page 2 of 32 PageID #:110

FILED
2/3/2022 2:27 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH00954
Calendar, 6
16563473

## CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

BARTOSZ GRABOWSKI, individually and on behalf of all similarly situated individuals, )
)
)
)
*Plaintiff,*                                     )
)
v.                                      )
)
APPLE, INC., a California corporation,          )
)
*Defendant.*                            )
)

No. **2022CH00954**

Hon.

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiff, Bartosz Grabowski, brings this Class Action Complaint and Demand for Jury Trial against Apple, Inc. ("Defendant" or "Apple") and alleges as follows based on personal knowledge as to himself and his own acts and experiences, and as to all other matters, on information and belief, including an investigation by his attorneys.

### NATURE OF THE ACTION

1.      This case arises from Defendant's false, misleading, and deceptive advertising of its Powerbeats Pro headphones sold under the Beats By Dre brand ("Powerbeats Pro"). Defendant designs, markets, advertises, and sells Powerbeats Pro headphones that do not function as advertised.

2.      Specifically, Defendant markets its Powerbeats Pro as rechargeable, high-end Bluetooth headphones. In an effort to attract buyers willing to pay hundreds of dollars for premium headphones, Defendant boasts that the Powerbeats Pro will last "up to 9 hours listening time" on a single charge from their charging case, and that the charging case provides a total of "more than 24 hours listening time".

FILED DATE: 2/3/2022 2:27 PM   2022CH00954

3.      Defendant's Powerbeats Pro headphones retail at the high-end price point of $249.95 and are the subject of a widespread advertising campaign that utilizes multiple forms of media and numerous famous professional athlete spokespersons.

4.      Defendant deliberately advertises the longevity of its Powerbeats Pro headphones' listening time and their continuous Bluetooth connectivity, both at the point of sale and as part of its multimedia advertising campaign.

5.      Because Defendant's Powerbeats Pro headphones are wireless, their listening time and Bluetooth connectivity are material features and critical points of reference for consumers who seek to use headphones outdoors and for extended periods of time, away from outlets.

6.      This is why Defendant specifically touts its portable charging case—which is the sole way to charge the Powerbeats—as providing "more than 24 hours listening time."

7.      Indeed, because they are wireless, Powerbeats Pro headphones do not work at all, and are therefore worthless, unless they can obtain and maintain a charge from their charging case and connect via Bluetooth—there is no option for wired usage.

8.      Reasonable consumers would expect Powerbeats Pro headphones to have a listening time that is befitting of their premium price point and, at a minimum, in line with Defendant's representations of "up to 9 hours listening time" on a single charge, and "more than 24 hours listening time" in conjunction with their charging case.

9.      Reasonable consumers would also expect Powerbeats Pro headphones to consistently and uninterruptedly connect via Bluetooth during the advertised "up to 9 hours listening time."

10.     However, despite Defendant's advertisements and assurances regarding the Powerbeats Pro headphones' listening time, Defendant's charging case fails to consistently and

2

FILED DATE: 2/3/2022 2:27 PM   2022CH00954

adequately charge the Powerbeats Pro headphones due to a defect in its design and/or due to Defendant's use of substandard materials. As a result of this defect, the headphones cannot maintain a proper connection with the charging case and are thus unfit for their intended purpose.

11.     Further, and again despite Defendant's advertisements and assurances regarding its Powerbeats' Bluetooth connectivity, Defendant's Powerbeats Pro headphones do not consistently connect to other devices via Bluetooth as intended or advertised.

12.     Plaintiff, like thousands of other consumers, purchased Defendant's Powerbeats Pro headphones based on Defendant's false claims regarding their listening time and Bluetooth connectivity and thus paid for a product that does not function as advertised and warranted by Defendant.

13.     Reasonable consumers like Plaintiff would not have purchased Defendant's Powerbeats Pro headphones had they known that Defendant's representations about the headphones' Bluetooth connectivity, listening time, and the charging capabilities of the headphones' case were false.

14.     Plaintiff brings this action on his own behalf and on behalf of other similarly situated consumers to obtain redress for those who purchased the falsely advertised Powerbeats Pro products from Defendant. Plaintiff, on behalf of a Class and Subclass defined below, seeks an award of damages, reasonable attorney's fees, pre-judgment interest, and injunctive relief prohibiting Defendant's unfair and deceptive advertising practices prospectively, along with any other penalties or awards that may be appropriate under applicable law.

## PARTIES

15.     Plaintiff Bartosz Grabowski is a natural person and a citizen of Illinois.

16.     Defendant Apple, Inc. is a California corporation with its headquarters in

FILED DATE: 2/3/2022 2:27 PM   2022CH00954

Cupertino, California. In 2014, Apple bought Beats Music and Beats Electronics, which make Powerbeats headphones, for nearly $3 billion. Defendant has stores located all across North America, including in Illinois, and advertises, distributes, and sells its Powerbeats products to thousands of consumers in Illinois and elsewhere across the nation in retail stores including its Apple Stores and online through its www.beatsbydre.com website.

## JURISDICTION AND VENUE

17.　　This Court may assert personal jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States, because Defendant is doing business within this state and because Plaintiff's claims arise out of Defendant's unlawful in-state actions, as Defendant deceptively marketed and sold Plaintiff's Powerbeats Pro headphones in this state. Further, Defendant is licensed to conduct and does in fact conduct business within this state, including in Cook County.

18.　　Venue is proper in this Court pursuant to 735 ILCS 5/2-101 because Defendant is a foreign corporation authorized to transact business in this State that is doing business in Cook County, and is thus a resident of Cook County under § 2-102, and because the transaction out of which Plaintiff's claims arose occurred in Cook County.

## FACTUAL ALLEGATIONS

19.　　In September 2016, beginning with the iPhone 7, Apple removed the auxiliary headphone jack from the iPhone. This made wired headphones nearly obsolete for use in conjunction with iPhones—one of the most popular and best-selling cellphones worldwide. Since then, other major smartphone providers such as Samsung and Google have followed suit and removed the headphone jacks from their products as well. The result has been an enormous increase in demand for wireless headphones.

FILED DATE: 2/3/2022 2:27 PM   2022CH00954

20.     Chief among the beneficiaries of this increased demand has been Apple, which has made hundreds of millions of dollars from its Beats By Dre line of luxury, high-end wireless headphones.

21.     Defendant's Powerbeats Pro headphones, which debuted in 2020, are one of Defendant's latest, and most popular, iterations of its wireless headphones.

22.     Defendant has aggressively marketed its Powerbeats Pro headphones, beginning its advertising campaign well before its Powerbeats Pro headphones were available in stores.

23.     Defendant invested heavily in its advertising campaign, enlisting many of the biggest names in professional sports and entertainment. Athlete-endorsers include Lebron James, Simone Biles, James Harden, Anthony Davis, Jayson Tatum, Serena Williams, Odell Beckham Jr., Anthony Joshua, and Shaun White.[1]

24.     In marketing its Powerbeats Pro, Defendant specifically uses their supposed listening time and Bluetooth connectivity as a selling point. Defendant prominently boasts that the headphones will last "up to 9 hours listening time" on a single charge from the charging case, and that the charging case provides for "more than 24 hours listening time" in total.

---

[1] *See* https://www.lbbonline.com/news/hiro-murai-directs-a-bevy-of-a-list-athletes-for-beats-by-dre?mc_cid=5d5fa41310&mc_eid=a801c15348 (last visited February 2, 2022).

FILED DATE: 2/3/2022 2:27 PM   2022CH00954



**(Figure 1)**

25.     Defendant uses this same selling point consistently and pervasively across its various marketing materials in numerous ways, including in print, visual media, on its website, and on the products themselves.

FILED DATE: 2/3/2022 2:27 PM   2022CH00954



**(Figure 2)**

View all details ∧

| | |
|---|---|
| **Sound** | • Powerful, balanced sound with dynamic range and noise isolation |
| **Design** | • In-ear earphones |
| | • Adjustable, secure-fit earhooks for lightweight comfort and stability |
| | • Reinforced, sleek design for sweat and water resistance during tough workouts |
| | • Powerbeats Pro earphones: |
| |    • Height: 2.2 in / 5.6 cm |
| |    • Weight: 0.71 oz / 20.3 g |
| | • Powerbeats Pro case: |
| |    • Height: 3.04 in / 7.7 cm |
| **Connectivity** | • Class 1 Bluetooth® via Apple H1 chip, providing improved connection speed with extended range and fewer dropouts[1] |
| | • Wirelessly share audio such as songs, podcasts, or movies with Powerbeats Pro and another set of Beats headphones or AirPods with Audio Sharing[2] |
| | • Use the Find My app on your iOS device to locate your Powerbeats Pro[4, 5] with a sound or see them on a map if they are lost or missing |
| | • Android compatible |
| **Power** | • Powerbeats Pro with Charging Case: More than 24 hours listening time |
| | • Powerbeats Pro (single charge): Up to 9 hours listening time |
| | • Fast Fuel: A 5-minute charge provides up to 1.5 hours of playback[3] |
| | • Charging case, lightning connector (included) |
| | • Rechargeable lithium-ion |
| **Controls** | • Volume & track controls on each earbud, voice capability, and Auto Play/Pause |
| | • Hands-free controls with "Hey Siri" and voice assistant on compatible devices[4] |
| | • Dual beam-forming microphones and a motion & speech accelerometer for speech-detecting and elimination of background noise |
| **In the box** | • Powerbeats Pro totally wireless earphones |
| | • Charging Case |
| | • Eartips with four size options |
| | • Lightning to USB-A charging cable |
| | • Quick Start Guide |
| | • Warranty Card |

**(Figure 3)**

7

FILED DATE: 2/3/2022 2:27 PM   2022CH00954



**(Figure 4)**



**(Figure 5)**

26.     Defendant again touted the long listening time and Bluetooth connectivity of its

Powerbeats Pro headphones by sponsoring a campaign where distance runners supposedly ran

8

FILED DATE: 2/3/2022 2:27 PM    2022CH00954

across Iceland for 24 hours straight while using Defendant's Powerbeats.[2]



**(Figure 6)**

27.    Defendant also ran a gratuitous 95-minute ad depicting heavyweight boxer Anthony Joshua working out while wearing Powerbeats. This ad, along with the many others above, is intended to cement the idea in consumers' minds that Defendant's Powerbeats Pro headphones can be used continuously and without interruption for long periods of time.

---

[2] https://www.beatsbydre.com/stories/2020/03/zero-dark-project-a-24-hour-relay-chasing-the-icelandic-sun (last visited February 2, 2022).

9

FILED DATE: 2/3/2022 2:27 PM   2022CH00954



**(Figure 7)**

28.     However, despite Defendant's insistence that its Powerbeats Pro headphones will last "up to 9 hours listening time" on a single charge from the charging case, and that the charging case provides "more than 24 hours listening time" in total, Plaintiff, like many other consumers who purchased Defendant's Powerbeats Pro headphones, have all experienced the same defects—failure to obtain an adequate charge, if any at all, from the included charging case in addition to a failure to maintain consistent Bluetooth connectivity.

29.     The source of these defects is a combination of design flaws and Defendant's use of substandard materials in designing its Powerbeats Pro headphones and their charging case.

30.     The only way to charge Powerbeats Pro headphones is by using the provided charging case. To do so, consumers place their headphones into the charging case so that the metal

FILED DATE: 2/3/2022 2:27 PM    2022CH00954

contacts on each headphone touch the metal contacts on the case.

31.     The metal contacts in the case are magnetic and are supposed to hold the Powerbeats in place while they are being charged.[3]



**(Figure 8)**

32.     However, because the ear hooks on Defendant's Powerbeats are long and bendable, the earbuds are often unable to connect or maintain connection to the metal contacts in the case. This is because the ear hooks often press against or tangle with one another and/or the insides of the charging case, forcing the earbuds to come unseated from the metal contacts in the case.[4]



**(Figure 9)**

---

[3] Figure 8 depicts the Powerbeats case, with the metal charging contacts visible.
[4] Figure 9 depicts the Powerbeats inside their case, with the flexible rubber ear hooks meeting in the middle of the case.

11

FILED DATE: 2/3/2022 2:27 PM   2022CH00954

33.     Further, due to Defendant's use of substandard materials in designing its Powerbeats Pro headphones, the magnets that are meant to hold the metal contacts together during the charging process are not strong enough to perform their intended function. Namely, the magnets cannot overcome the ear hooks tangling with or pressing against one another and/or the insides of the case.

34.     This results in the headphones either not making any connection at all with the charging contacts when placed in the charging case or becoming easily dislodged and disconnected despite no movement or only slight movement of the case. When the earbuds are dislodged and disconnected from their contacts, they do not charge. Because the headphones must be seated perfectly in the charging cases to achieve a proper connection of the charging circuits, both of these problems lead to charge failure.

35.     Moreover, due to Defendant's use of substandard materials, the Powerbeats Pro headphones often do not charge even when the metal contacts are touching, forcing consumers to troubleshoot and attempt to fix the products themselves, such as moistening their headphones' metal contacts prior to inserting them into their charging case.

36.     Because Defendant's Powerbeats Pro headphones are wireless and cannot be charged through any method other than their charging case, Defendant's design flaws and use of substandard materials substantially impairs the Powerbeats Pro headphones' value.

37.     Indeed, the actual value of the Powerbeats Pro headphones is materially less than the premium price point that the Powerbeats Pro headphones command.

38.     Such a significant percentage of Defendant's customers have experienced issues charging their Powerbeats Pro headphones that numerous consumers have created and posted videos on YouTube providing tips and tricks to overcome Defendant's design flaws and solve

consumers' charging issues by any means possible.[56]

39. Defendant's design flaws have forced consumers to rely on homemade solutions such as moistening the metal contacts of the Powerbeats Pro headphones with saliva and/or jamming the headphones inside the case in order to force the contacts into a proper connection.

40. Equally problematic are the Bluetooth connectivity issues that numerous purchasers of Defendant's Powerbeats Pro struggle with.[7]

41. Specifically, due to hardware and/or design defects inherent to these headphones, the Powerbeats Pros fail to reliably connect to the cellphone that they are "paired" with making one or both of the headphones inoperable and requiring users to repeatedly attempt to reconnect their headphones.

42. Despite these widespread problems, Defendant has failed to fix the defects in the charging case for its Powerbeats Pro or remedy the Bluetooth connectivity issues while continuing to make the same misleading advertising and product disclosures regarding the listening time and Bluetooth connectivity of its Powerbeats Pro headphones.

43. By doing this, Defendant has been able to sell more Powerbeats Pro headphones (and has done so at a premium price point) than it would have absent its misrepresentations, and has continued to do so unabated.

44. Had Plaintiff and the proposed Class and Subclass members been aware of Defendant's misrepresentations, they would not have bought Defendant's Powerbeats Pro

---

[5] https://www.youtube.com/watch?v=ET0C9nhExZE (describing forums with "endless" comment sections of consumer complaints and instructing consumers to install pads into their Powerbeats cases to more securely hold the charging contacts in place) (last visited February 2, 2022).
[6] https://www.youtube.com/watch?v=1NLTcrWPbJE (wherein a Powerbeats consumer has taken to licking the metal contacts of his Powerbeats in order to cause them to charge more effectively) (last visited February 2, 2022).
[7] https://www.youtube.com/watch?v=ET0C9nhExZE (describing having intermittent connection issues, with multiple supporting comments posted of similar experiences) (last visited February 2, 2022).

FILED DATE: 2/3/2022 2:27 PM   2022CH00954

headphones, or would have paid materially less for them.

45.     Plaintiff, as well as other consumers nationwide, reasonably relied on Defendant's false advertisements regarding the listening time and charging capabilities of the Powerbeats Pro headphones and the included charging case. Both of these are critical factors for determining whether a particular pair of wireless headphones will meet a consumer's needs and whether a particular pair of wireless headphones is fairly priced.

46.     Plaintiff, as well as other consumers nationwide, also reasonably relied on Defendant's false advertising regarding the reliability and quality of the Bluetooth connectivity of the Powerbeats Pro, as the ability to reliably connect to wireless headphones is also a critical factor in determining whether a paid of wireless headphones will meet a consumer's needs and is fairly priced.

47.     Plaintiff, as well as other consumers nationwide who purchased Defendant's Powerbeats Pro headphones would not have purchased them or would have paid materially less for them had they known that the advertised listening time and charging case capabilities, as well as Bluetooth connectivity, were not accurate, and have suffered damages as a result of Defendant's misconduct.

## FACTS SPECIFIC TO PLAINTIFF

48.     On July 2, 2021, Plaintiff went to one of Defendant's retail stores in Cook County, Illinois.

49.     At the Apple store, Plaintiff saw and relied upon the packaging for Defendant's Powerbeats Pro headphones that advertised "up to 9 hours listening time" on a single charge from the included charging case, and that the charging case could provide "more than 24 hours listening time" in total.

14

FILED DATE: 2/3/2022 2:27 PM   2022CH00954

50.    Plaintiff also relied on Defendant's advertising and disclosures that the Power Beats Pro headphones were "Totally Wireless" and would maintain a stable and secure "wireless" connection to his cell phone.

51.    Based in part on Defendant's representations regarding the Powerbeats Pro's listening time and connectivity, and finding that the price was acceptable for the stated features, Plaintiff purchased the Powerbeats Pro headphones.

52.    On October 8, 2021, Plaintiff went back into the Apple store and explained that only one of his headphones had been charging in the case while the other would not charge. Plaintiff asked for and was denied an exchange due to it being more than 30 days since the Powerbeats were purchased. Instead, Defendant sent the Powerbeats to one of its repair facilities.

53.    On October 11, 2021, Defendant's repair facility received Plaintiff's Powerbeats Pro headphones, "repaired" them, and sent them back to him that same day. However, in reality, nothing had been repaired, and his headphones were returned to Plaintiff with the same issue.

54.    On October 30, 2021, Plaintiff went back to the Apple store and explained that the same issue was occurring. Again, he was denied an exchange.

55.    On November 5, 2021 Plaintiff called the Beats By Dre repair hotline operated by Defendant and again asked for and was denied an exchange. Defendant told Plaintiff to send his Powerbeats Pro headphones in again, and he did.

56.    On November 15, 2021, Defendant again received Plaintiff's Powerbeats Pro headphones and again "repaired" them and sent them back on the same day. Again though, nothing had been repaired.

57.    Since that time, Plaintiff's Powerbeats Pro headphones have only continued to deteriorate in quality. Namely, they ceased pairing consistently with Plaintiff's phone via

15

FILED DATE: 2/3/2022 2:27 PM   2022CH00954

Bluetooth on top of the already mentioned issues with charging.

58.     As a result, Plaintiff's Powerbeats Pro headphones are worthless for their intended purpose: to pair with his phone after being charged in their case so that he can use them for listening to music and other media from his phone and taking calls.

59.     Plaintiff and the other members of the Class and Subclass were deceived and misled by Defendant's claims regarding the quality of its Powerbeats Pro headphones. These claims were a material factor that influenced Plaintiff's and the other members of the Class' and Subclass' decision to purchase Defendant's Powerbeats Pro headphones and Plaintiff and the other members of the Class and Subclass would not have purchased such products had they known that Defendant's claims regarding the charging capacity and Bluetooth connectivity of its Powerbeats Pro headphone products were false.

60.     As a result, Plaintiff and the other members of the Class and Subclass have suffered damages and out of pocket losses due to their purchases of Defendant's Powerbeats Pro headphones, and have been deceived into purchasing a product that they believed would be capable of delivering upon the promises made on the product packaging and in Defendant's advertising when in fact, it could not do so.

61.     Defendant, meanwhile, has received significant profits from the false marketing and sale of its Powerbeats Pro headphones.

## CLASS ACTION ALLEGATIONS

62.     Pursuant to 735 ILCS 5/2-801, Plaintiff brings this action on behalf of himself and a Class and Subclass, defined as follows:

(i)     The Class: All persons in the United States who purchased Defendant's Beats by Dre Powerbeats Pro wireless headphones within the applicable statute of limitations.

(ii)     The Illinois Subclass: All persons who purchased Defendant's Beats by Dre Powerbeats Pro wireless headphones in Illinois within the applicable limitations period.

63.     Excluded from the Class and Subclass are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any of their immediate family members.

64.     Upon information and belief, there are tens if not hundreds of thousands of members of the Class and Subclass, making them so numerous that joinder of all members is impracticable. Although the exact number of members of the Class and Subclass is presently unknown to Plaintiff, the members can easily be ascertained and identified through Defendant's sales records.

65.     Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class and Subclass. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and consumer class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and Subclass, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the Class and Subclass.

66.     Absent a class action, most members of the Class and Subclass would find the cost of litigating their claims to be prohibitive and would have no effective remedy. Unless the Class and Subclass are certified, Defendant will retain the monies it wrongfully received from the members of the Class and Subclass as a result of its unfair and deceptive conduct.

67.     Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class and Subclass, requiring the Court' imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and Subclass, and

FILED DATE: 2/3/2022 2:27 PM    2022CH00954

FILED DATE: 2/3/2022 2:27 PM   2022CH00954

making injunctive or corresponding declaratory relief appropriate for the Class and Subclass as a whole.

68.     Plaintiff's claims are typical of the claims of the other members of the Class and Subclass as Plaintiff and the other members of the Class and Subclass have all suffered harm and damages as a result of Defendant's unlawful and wrongful practice of falsely advertising the listening time and charging capabilities of the included charging case, as well as the Bluetooth connectivity of its Powerbeats Pro products.

69.     There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class and Subclass, and those questions predominate over any questions that may affect individual members of the Class and Subclass. Common questions for the Class and Subclass include, but are not limited to, the following:

(a)     Whether Defendant advertised and/or warranted that its Powerbeats Pro headphones could be charged to provide the advertised amount of listening time;

(b)     Whether Defendant's Powerbeats Pro charging case was capable of delivering the promised amount of listening time;

(c)     Whether Defendant advertised and/or warranted that its Powerbeats Pro were capable of reliably connecting via Bluetooth to consumers' mobile devices;

(d)     Whether Defendant's Powerbeats Pro reliably connect via Bluetooth to consumers' mobile devices;

(e)     Whether Defendant's advertising of its Powerbeats Pro headphones was false or misleading;

(f)     Whether Defendant's conduct violates public policy;

(g)     Whether Defendant's conduct violated the Illinois Consumer Fraud and Deceptive Business Practices Act and other such similar consumer protection statutes;

(h)     Whether, as a result of Defendant's misrepresentations of material facts related to its Powerbeats Pro headphone products, Plaintiff and the other members of the Class and Subclass have suffered ascertainable monetary losses;

18

FILED DATE: 2/3/2022 2:27 PM   2022CH00954

(i)     Whether Plaintiff and the other members of the Class and Subclass are entitled to monetary and/or restitutionary and/or injunctive relief or other remedies, and, if so, the nature of such remedies.

70.     The class treatment of these common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

**COUNT I**
**For Violations of Consumer Protection Laws**
**(on behalf of the Class and the Subclass)**

71.     Plaintiff hereby incorporates all of the allegations in paragraphs 1 – 70 by reference as though fully set forth herein.

72.     The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 502/1 *et seq.*, as well as other materially identical consumer fraud statutes enacted by states throughout the country, prohibit deceptive acts and practices in the sale of products such as Defendant's Powerbeats Pro headphones.

73.     Plaintiff and the other members of the Class and Subclass are "consumers" as defined under the ICFA and other states' consumer protection laws.

74.     Defendant's sales and marketing practices as alleged herein occurred in the course of trade or commerce, are addressed to the market generally, and implicate consumer protection concerns.

75.     By affirmatively representing that its Powerbeats Pro headphone products can provide a specific listening time through its charging case when the products sold were in fact only capable of delivering a significantly lower or shorter listening time, Defendant's conduct is deceptive, unfair, and offends public policy, has caused and will continue to cause substantial injury to consumers, and constitutes an unfair and deceptive trade practice.

FILED DATE: 2/3/2022 2:27 PM   2022CH00954

76.     Further, by affirmatively representing that its Powerbeats Pro headphones can reliably and repeatedly connect wirelessly to consumers' phones via Bluetooth when the products sold were in fact unable to do so, Defendant's conduct is deceptive, unfair, offends public policy, has caused and will continue to cause substantial injury to consumers, and constitutes an unfair and deceptive trade practice.

77.     Because Defendant designs its Powerbeats Pro headphone products and creates the product labeling and advertising featured on them, Defendant knew or should have known at all relevant times that its Powerbeats Pro headphone products and their charging case were not capable of providing the amount of listening time represented and advertised, but Defendant nonetheless continued to advertise and sell its Powerbeats Pro headphone products using such false representations.

78.     Because Defendant designs its Powerbeats Pro headphone products and creates the product labeling and advertising featured on them, Defendant knew or should have known at all relevant times that its Powerbeats Pro headphone products were not capable of maintaining a wireless Bluetooth connection as represented and advertised, but Defendant nonetheless continued to advertise and sell its Powerbeats Pro headphone products using such false representations.

79.     Defendant intended for consumers to rely on its representations regarding the charging capabilities of the charging case, the listening time, and Bluetooth connectivity of its Powerbeats Pro headphone products when choosing to purchase those products. Wireless headphones such as Defendant's Powerbeats Pro are specifically marketed and sold based on representations about their listening time, charging capabilities of the charging case, and Bluetooth connectivity, and consumers reasonably rely on such representations to make an informed decision as to whether the wireless headphones they are purchasing meet their needs and are worth their

FILED DATE: 2/3/2022 2:27 PM   2022CH00954

stated price.

80.     Plaintiff and the other members of the Class and Subclass did reasonably rely on Defendant's misrepresentations in choosing to purchase its Powerbeats Pro products and would not have purchased the products they bought, or would have paid materially less for them, had Defendant not made the false and deceptive claims regarding the amount of charge their charging case would be able to provide, their listening time, and their Bluetooth connectivity.

81.     As a direct and proximate result of Defendant's deceptive and unfair practices, Plaintiff and the other members of the Class and Subclass have suffered actual damages and pecuniary losses, including monetary losses for the full purchase price of Defendant's Powerbeats Pro headphones.

82.     Defendant's conduct is in violation of the ICFA and other states' consumer protection laws, and pursuant to 815 ILCS 505/10a and other such states' consumer protection laws, Plaintiff and the other members of the Class and Subclass are entitled to damages in an amount to be proven at trial, reasonable attorney's fees, injunctive relief prohibiting Defendant's unfair and deceptive advertising prospectively, and any other penalties or awards that may be appropriate under applicable law.

## COUNT II
### Breach of Express Warranty
### (on behalf of the Class and Subclass)

83.     Plaintiff hereby incorporates all of the allegations in paragraphs 1 - 82 by reference as though fully set forth herein.

84.     At all times relevant, all fifty States and the District of Columbia and Puerto Rico have codified and adopted the provisions of the Uniform Commercial Code governing express warranties:  Ala. Code § 7-2-313; Alaska Stat. § 45.02.313; Ariz. Rev. Stat. Ann. § 47-2313;  Ark.

FILED DATE: 2/3/2022 2:27 PM    2022CH00954

Code. Ann. § 4-2-313;  Cal. Com. Code § 2313;  Colo. Rev. Stat. § 4-2-313;  Conn. Gen. Stat. Ann. § 42a-2-313;  6 Del. Code. § 2-313; D.C. Code. § 28:2-313;  Fla. Stat. Ann. § 672.313; Ga. Code. Ann. § 11-2-313;  Haw. Rev. Stat. § 490:2-313;  Idaho Code § 28-2-313;  810 Ill. Comp. Stat. Ann. 5/2-313;  Ind. Code Ann. § 26-1-2-313; Kan. Stat. Ann. § 84-2-313; Ky. Rev. Stat. Ann. § 355.2-313;  11 Me. Rev. Stat. Ann. § 2-313;  Md. Code. Ann. § 2-313;  Mass. Gen. Law Ch. 106 § 2-313;  Mich. Comp. Laws Ann. § 440.2313;  Minn. Stat. Ann. § 336.2-313;  Miss. Code Ann. § 75-2-313;  Mo. Rev. Stat. § 400.2-313;  Mont. Code Ann. § 30-2-313;  Nev. Rev. Stat. U.C.C. § 104.2313;  N.H. Rev. Ann. § 382-A:2-313;  N.J. Stat. Ann. § 12A:2-313;  N.M. Stat. Ann. § 55-2-313;  N.Y. U.C.C. Law § 2-313;  N.C. Gen. Stat. Ann. § 25-2-313;  N.D. Stat. § 41-02-313; Ohio Rev. Code Ann. § 1302.26;  Okla. Stat. tit. 12A § 2-313;  Or. Rev. Stat. § 72.3130; 13 Pa. C.S. § 2313; P.R. Laws. Ann. Tit. 31, § 3841, et seq.; R.I. Gen. Laws § 6A-2-313;  S.C. Code Ann. § 36-2-313;  S.D. Stat. § 57A-2-313;  Tenn. Code Ann. § 47-2-313;  Tex. Bus. & Com. Code Ann. § 2-313; Utah Code Ann. § 70A-2-313; Va. Code § 8.2-313; Vt. Stat. Ann. 9A § 2-313;  W. Va. Code § 46-2-313;  Wash. Rev. Code § 62A 2-313;  Wis. Stat. Ann. § 402.313; and Wyo. Stat. § 34.1-2-313.

85.    Plaintiff and the other members of the Class and Subclass formed a contract with Defendant at the time they made their respective purchases. The terms of the contract include the promises and affirmations of fact made by Defendant on the Powerbeats Pro headphones' packaging and through marketing and advertising.

86.    Through Defendant's product labeling and advertising – especially its statements that the Powerbeats Pro headphones were "fully wireless" and Bluetooth compatible, that the headphones provide "up to 9 hours listening time" on a single charge, and that the charging case could provide "more than 24 hours listening time" in total – Defendant expressly warranted to

FILED DATE: 2/3/2022 2:27 PM   2022CH00954

Plaintiff and the other members of the Class and Subclass that its Powerbeats Pro headphones were capable of delivering a specific amount of listening time, that the charging case would be able to provide specific charging capabilities, and that the headphones would maintain wireless Bluetooth connectivity. This labeling, marketing, and advertising constitute express warranties and became part of the basis of the bargain, and are part of the standardized contract between Plaintiff and the members of the Class and Subclass on the one hand, and Defendant on the other.

87. Defendant breached the express warranties it made about its Powerbeats Pro headphones and their quality because, as set forth above, the products purchased by Plaintiff and the other members of the Class and Subclass do not actually have the ability to consistently deliver the listening time, charging case capabilities, or wireless Bluetooth connectivity warranted by Defendant.

88. Plaintiff and the other members of the Class and Subclass would not have purchased Defendant's Powerbeats Pro headphones, or would have paid materially less for them, had they known that these affirmations and promises were false.

89. As a direct and proximate result of Defendant's breach of its express warranties, Plaintiff and the members of the Class and Subclass have suffered monetary damages in the amount of the purchase price of their headphones, the purchase price of any replacement headphones, and any consequential damages resulting from the purchases, in that the Powerbeats Pro headphones they purchased were so inherently flawed, unfit, or unmerchantable as to have no market value.

FILED DATE: 2/3/2022 2:27 PM    2022CH00954

### COUNT III
### Breach of Implied Warranty
### (on behalf of the Class and Subclass)

90.    Plaintiff hereby incorporates all of the allegations in paragraphs 1 - 89 by reference as though fully set forth herein.

91.    The implied warranty of merchantability is codified in Section 2-314 of the Uniform Commercial Code ("UCC") and requires that goods have to have adequate labeling and conform to any promises or affirmation made on the product label.

92.    States' laws provide for enforcement of the implied warranty of merchantability, including in Illinois pursuant to 810 ILCS 5/2-314, as well as other states where Defendant's Powerbeats are sold. At all times relevant, all fifty States and the District of Columbia and Puerto Rico have codified and adopted the provisions of the Uniform Commercial Code governing the implied warranty of merchantability and fitness for ordinary purpose: Ala. Code § 7-2-314; Alaska Stat. § 45.02.314; Ariz. Rev. Stat. Ann. § 47-2314; Ark. Code. Ann. § 4-2-314; Cal. Com. Code § 2314; Colo. Rev. Stat. § 4-2-314; Conn. Gen. Stat. Ann. § 42a-2-314; 6 Del. Code. § 2-314; D.C. Code. § 28:2-314; Fla. Stat. Ann. § 672.314; Ga. Code. Ann. § 11-2-314; Haw. Rev. Stat. § 490:2-314; Idaho Code § 28-2-314; 810 Ill. Comp. Stat. Ann. 5/2-314; Kan. Stat. Ann. § 84-2-314; Ky. Rev. Stat. Ann. § 355.2-314; La. Civ. Code Ann. Art. § 2520; 11 Me. Rev. Stat. Ann. § 2-314; Md. Code. Ann. § 2-314; Mass. Gen. Law Ch. 106 § 2-314; Mich. Comp. Laws Ann. § 440.2314; Minn. Stat. Ann. § 336.2-314; Miss. Code Ann. § 75-2-314; Mo. Rev. Stat. § 400.2-314; Mont. Code Ann. § 30-2-314; Nev. Rev. Stat. U.C.C. § 104.2314; N.H. Rev. Ann. § 382-A:2-314; N.J. Stat. Ann. § 12A:2-314; N.M. Stat. Ann. § 55-2-314; N.Y. U.C.C. Law § 2-314; N.C. Gen. Stat. Ann. § 25-2-314; N.D. Stat. § 41-02-314; Ohio Rev. Code Ann. § 1302.27; Okla. Stat. tit. 12A § 2-314; Or. Rev. Stat. § 72.3140; 13 Pa. C.S. § 2314; P.R. Laws. Ann. Tit. 31,

FILED DATE: 2/3/2022 2:27 PM   2022CH00954

§ 3841, et seq.; R.I. Gen. Laws § 6A-2-314; S.C. Code Ann. § 36-2-314; S.D. Stat. § 57A-2-314; Tenn. Code Ann. § 47-2-314; Tex. Bus. & Com. Code Ann. § 2-314; Utah Code Ann. § 70A-2-314; Va. Code § 8.2-314; Vt. Stat. Ann. 9A § 2-314; W. Va. Code § 46-2-314; Wash. Rev. Code § 62A 2-314; Wis. Stat. Ann. § 402.314; and Wyo. Stat. § 34.1-2-314.

93.     Defendant, as the designer, marketer, advertiser, and distributor of the Powerbeats Pro headphones purchased by Plaintiff and the members of the Class and Subclass, is a merchant as defined under the above statutes, and was at all times aware of the flaws regarding its products' listening time, charging, and Bluetooth connectivity.

94.     The Powerbeats Pro headphones are "goods" as defined under the above statutes.

95.     Plaintiff and the Class and Subclass members purchased Defendant's Powerbeats Pro headphones in a consumer transaction.

96.     Defendant was obligated to provide Plaintiff and other Class and Subclass members with headphones reasonably fit for the purposes for which such products are sold, and to conform to the standards of the trade in which Defendant is involved such that the product was of fit and merchantable quality.

97.     Defendant knew or should have known that its Powerbeats Pro headphones were being manufactured and sold for the intended purpose of wirelessly pairing with a mobile device for listening to audio, and impliedly warranted that its headphones were of merchantable quality and fit for that purpose.

98.     Defendant breached its implied warranties because Defendant's Powerbeats Pro headphones were not of merchantable quality, nor fit for the product's ordinary purpose, and did not conform to the standards generally applicable to such goods.

99.     Further, Defendant's Powerbeats Pro headphones were not adequately labeled

because they were labeled as being able to provide "up to 9 hours listening time" on a single charge from the charging case, and that the charging case is capable of providing "more than 24 hours listening time" in total, when they were not in fact capable of doing so.

100.    Plaintiff and the Class and Subclass members did not receive the wireless headphones that were warranted to them, as the products they purchased provided substantially less listening time, lacked the wireless Bluetooth connectivity that was promised and reasonably expected, and the charging case failed to properly function and provide the proper amount of charge.

101.    In addition, Defendant's Powerbeats Pro were not fit for the ordinary purpose for which wireless headphones are used for as they could not be adequately charged and they could not maintain a wireless Bluetooth connection.

102.    As a result of Defendant's breach of warranty, Plaintiff and the other Class and Subclass members suffered damages by purchasing products that were so inherently flawed, unfit, or unmerchantable as to have significantly diminished or no intrinsic market value.

## COUNT IV
## Violation of the Magnusson-Moss Warranty Act
### (on behalf of the Class and Subclass)

103.    Plaintiff hereby incorporates all of the allegations in paragraphs 1 - 102 by reference as though fully set forth herein.

104.    Plaintiff and the other members of the Class and Subclass are consumers as defined in 15 U.S.C. § 2301(3).

105.    Defendant is a supplier and warrantor as defined in 15 U.S.C. § 2301(4)–(5).

106.    Defendant's Powerbeats Pro wireless headphones are a consumer product as defined in 15 U.S.C. § 2301(1).

FILED DATE: 2/3/2022 2:27 PM   2022CH00954

FILED DATE: 2/3/2022 2:27 PM   2022CH00954

107.   The Magnusson-Moss Warranty Act allows consumers to pursue a civil action against sellers of consumer products for failure to comply with any written warranties represented about the product sold.

108.   Defendant's representations on its product packaging and in advertisements that its Powerbeats Pro headphones maintain wireless Bluetooth connectivity and provide a specific amount of listening time – specifically stating that the Powerbeats Pro provide "up to 9 hours listening time" on a single charge from the included charging case and that the charging case provides "more than 24 hours listening time" in total – constitute a written warranty.

109.   Defendant breached the written warranties it represented regarding its Powerbeats Pro and their qualities because Defendant's Powerbeats Pro do not conform to Defendant's affirmations and promises described above, as they do not deliver the advertised amount of listening time specified by Defendant and do not maintain a reliable wireless Bluetooth connection.

110.   Defendant designs, sells, and markets its Powerbeats Pro and therefore knew or should have known that its Powerbeats Pro did not possess the qualities it represented in its written warranties.

111.    Plaintiff and the other members of the Class and Subclass would not have purchased Defendant's Powerbeats Pro had they known that the products did not possess the qualities represented in Defendant's written warranties.

112.   Defendant has not acted on the opportunity to cure its failure with respect to its warranted products.

113.   Under 15 U.S.C. § 2310(d)(1), Plaintiff and other Class and Subclass members were "damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract,

may bring suit for damages and other legal and equitable relief." 15 U.S.C. § 2310(d)(1). Plaintiff

sues pursuant to this section to recover money damages and for legal and equitable relief on behalf

of himself and the other Class and Subclass members.

114.    Pursuant to 15 U.S.C. § 2310(d)(2), upon prevailing in this action, Plaintiff and the

other Class and Subclass members are entitled to receive an award of attorneys' fees and expenses

and pray for the same.

## COUNT V
## Common Law Fraud
## (on behalf of the Class and Subclass)

115.    Plaintiff hereby incorporates all of the allegations in paragraphs 1 - 114 by reference

as though fully set forth herein.

116.    Through its affirmative misrepresentations, omissions, suppressions, and

concealments of material facts, Defendant defrauded Plaintiff and the Class and Subclass members

by leading them to believe that the Powerbeats Pro headphones possessed material characteristics

that they in fact do not—namely, that the Powerbeats Pro headphones can consistently charge,

operate for a specified number of hours, and maintain wireless Bluetooth connectivity.

117.    Through Defendant's extensive advertising and marketing campaign shown above,

including Defendant's advertisements on the Powerbeats Pro headphones' box itself, Defendant

has consistently repeated the falsehood that its Powerbeats Pro provide "up to 9 hours listening

time" on a single charge, and that its charging case provides "more than 24 hours listening time"

in total.

118.    This same extensive advertising and marketing campaign was promoted both

throughout Illinois and nationwide.

119.    However, these representations were false, as detailed herein. Further, through its

28

own product testing, recordkeeping, and/or receipt of consumer complaints, Defendant knew or should have known such representations were false when it made them and continued to make them and thereby intended to defraud purchasers.

120. Defendant actively concealed its misrepresentations and omissions from the Class and Subclass members and the public.

121. Because listening time and wireless Bluetooth connectivity are important reference points for consumers who seek to purchase wireless headphones, Plaintiff and the Class and Subclass members did in fact rely upon Defendant's misrepresentations in the course of making their purchase. Defendant's misrepresentations and omissions about the Powerbeats Pro headphones were material.

122. To the extent applicable, Plaintiff and other Class and Subclass members were justified in relying on Defendant's misrepresentations and omissions. The same or substantively identical misrepresentations and omissions were communicated to each Class and Subclass member, including through product labeling and other statements by Defendant. No reasonable consumer would have paid what they did for Defendant's Powerbeats Pro headphones but for Defendant's unlawful conduct. To the extent applicable, reliance may be presumed in these circumstances.

123. As a direct and proximate result of Defendant's intentional misrepresentations and concealment of facts, Plaintiff and the other members of the Class and Subclass have sustained damages in an amount to be determined at trial.

**COUNT VI**
**Unjust Enrichment**
**(on behalf of the Class and Subclass)**

124. Plaintiff hereby incorporates all of the allegations in paragraphs 1 - 123 by reference

FILED DATE: 2/3/2022 2:27 PM   2022CH00954

as though fully set forth herein.

125.     Plaintiff and the other members of the Class and Subclass conferred a benefit on Defendant by purchasing its Powerbeats Pro headphones. Defendant unjustly and unlawfully retained this benefit by failing to provide a fully functioning product that conformed to Defendant's representations about the product, and by failing to offer refunds or replacements. The amount of the benefit Defendant unlawfully gained is measurable based on the purchase price of the product and any price premium paid for high-end headphones with long listening time and reliable charging capabilities and wireless Bluetooth connectivity.

126.     It is inequitable and unjust for Defendant to retain the revenues obtained from Plaintiff's and the other Class and Subclass members' purchases of Defendant's Powerbeats Pro because Defendant misrepresented the listening time, charging capabilities, and Bluetooth connectivity of its Powerbeats Pro headphones and Plaintiff and the other members of the Class and Subclass would not have purchased the products that they bought, or would have paid materially less for them, had Defendant not made these misrepresentations.

127.     Defendant was not authorized to burden Plaintiff and the other members of the Class and Subclass with hundreds of dollars in costs for nonfunctional headphones, and Defendant's retention of this benefit violates fundamental principles of justice, equity, and good conscience.

128.     Accordingly, because Defendant will be unjustly enriched if it is allowed to retain such funds, Defendant must disgorge any benefit it has unjustly retained and pay restitution to Plaintiff and the other Class and Subclass members in the amount which Defendant was unjustly enriched by each purchase of Defendant's Powerbeats Pro headphones.

WHEREFORE, Plaintiff, on behalf of himself and the Class and Subclass, prays for the

FILED DATE: 2/3/2022 2:27 PM   2022CH00954

FILED DATE: 2/3/2022 2:27 PM   2022CH00954

following relief:

A.   An order certifying the Class and Subclass as defined above, appointing Plaintiff as class representative, and appointing Plaintiff's counsel as class counsel;

B.   An award to Plaintiff and Class Members of all damages, including actual, compensatory, and consequential damages and/or restitution and disgorgement associated with the conduct for all causes of action in an amount to be proven at trial, including but not limited to the full amounts paid for the products and the costs to replace or return the products;

C.   An award of interest as provided by law, including but not limited to pre-judgment and post-judgment interest as provided by rule or statute;

D.   An award of reasonable attorney's fees and costs; and

E.   Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: February 3, 2022                 Respectfully submitted,

BARTOSZ GRABOWSKI, individually and on behalf of similarly situated individuals

By: /s/ Brendan Duffner
One of Plaintiff's Attorneys

Myles McGuire
Eugene Turin
Paul T. Geske
Brendan Duffner
McGuire Law, P.C.
55 W. Wacker Dr., 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
mmcguire@mcgpc.com
eturin@mcgpc.com
pgeske@mcgpc.com
bduffner@mcgpc.com

*Attorneys for Plaintiff and the putative Class and Subclass*